MARY PRICE

v.

JAMES M. HAY ET AL.

*Attorney and Client—Agency—Implied Contract—Recovery of Fees—Evidence—Instructions—Rules of Court.*

1. In an action brought by an attorney to recover a sum claimed to be due for legal services, it is *held:* That the finding of the jury as to the employment was justified by the evidence; that an instruction touching the question of implied contract was properly refused; and that the verdict as to amount is justified by the evidence.

2. Testimony as to the value of legal services must be based upon the judgment of witnesses.

[Opinion filed November 1, 1889.]

APPEAL from the Circuit Court of St. Clair County; the Hon. B. H. CANBY, Judge, presiding.

Messrs. KOERNER & HORNER, for appellant.

Mr. F. A. McCONAUGHY, for appellee.

REEVES, P. J.   Three reasons are urged for the reversal of the judgment in the case.

The first is, that the evidence fails to show any employment by appellant of appellees, in the litigation for legal services in which this suit was brought.   The testimony on this point was conflicting, but we hold that there was evidence upon which the jury might find that there was such employment, and we see no sufficient reason for disturbing their finding upon this point.

The second point is, that the verdict is more than the evidence warranted.   Testimony as to the value of legal services in any case is based upon the judgment of witnesses. Witnesses of equal standing in the profession will differ about the value of legal services.   This difference is apparent in the testimony in this case, but there is testimony sufficient to sustain the verdict for the amount found, $5,000.

The third ground for reversal is the refusal to give the following instruction:

"If the jury believe from the evidence that Mary Price, the defendant, by herself or authorized agent, did not make any express contract with the plaintiffs for employment in the case of Mary Price v. American Bible Society and others, and if they further believe from the evidence that Mary Price had reason to believe that plaintiffs were employed by Spencer M. Kase to assist him in the said case under the contract made by Mary Price with said Spencer M. Kase, by which he was authorized to employ counsel to assist him, her acquiescence when she saw that plaintiffs were taking part in the trial of the case is not a circumstance from which the jury has a right to infer that an implied contract existed by which the plaintiffs were entitled to charge her with any fee, and the jury will find for defendant."

It is said that this instruction was not presented to the court within the time prescribed by the rules of the St. Clair Circuit Court.   This would have been a sufficient warrant for the Circuit Court to have refused to consider and pass upon

the instruction, but, notwithstanding the rule, the court received and considered the instruction and marked it refused. Without considering the question whether this court should dispose of the instruction as the Circuit Court might have done under its rules, we proceed to the consideration of the instruction upon its merits.    The instruction is faulty in this, that it precludes the jury from finding that there was an implied contract to pay appellees for their services, arising from appellant's knowledge and acquiescence that appellees were actively engaged on her side of the litigation of Price v. American Bible Society, by the fact that appellant had reason to believe that they had been employed by Kase under his contract with appellant.    It does not even go so far as to require that she did believe that such was the relationship of appellees in the litigation, in order that there should be no inference by the jury of an implied contract, arising from her knowledge and acquiescence that they were engaged in the trial of the case upon her side.    But even with this emendation, we should not be prepared to hold the instruction faultless.    At most, the contract with Kase would only be a proper subject to be considered by the jury, with all the other facts and circumstances proven in the case, in determining the question whether an implied contract (if they found there was no express contract of employment) could be inferred by the jury from all the evidence bearing upon that branch of the case.    We hold the instruction was properly refused.    The judgment of the Circuit Court is affirmed.

*Judgment affirmed.*